1  KENNETH A. FEINSWOG
2  kfeinswog@aol.com
   Bar No. 129562
3  400 Corporate Pointe, Suite 300
4  Culver City, California 90230
   Telephone:  (310) 846-5800
5  Facsimile:   (310) 846-5801
6
7  Attorney for Plaintiff

FILED

2013 FEB 12  PH 3: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8
9              **UNITED STATES DISTRICT COURT**
                **FOR THE CENTRAL DISTRICT**
10                     **OF CALIFORNIA**

11 -------------------------------------------X
12 BRAVADO INTERNATIONAL GROUP
   MERCHANDISING SERVICES, INC.,
13

14                              Plaintiff,

15
16              -against-
17
18
19 XIANGBAO ZHAO a/k/a/ MIKE ZHAO,
   CLASSIC-MAXIM INTERNATIONAL,
20 INC., HANGZHOU CLASSIC-MAXIM
   ARTS & CRAFTS CO., LTD.,
21
22                              Defendants.
23 -------------------------------------------X

**CIVIL ACTION NO.**
**CV13-01032** mmm
                    (JC(6x)

**COMPLAINT FOR
TRADEMARK,
COPYRIGHT, RIGHT OF
PUBLICITY
INFRINGEMENT AND
UNFAIR COMPETITION**

24
25              **JURISDICTION AND VENUE**
26
        1.     Plaintiff Bravado International Group Merchandising Services, Inc.
27
   (hereinafter referred to as "Bravado Inc.") is a corporation duly organized under
28

                              1

the laws of the State of California with a place of business in Los Angeles, California.

2.      Upon information and belief, at all relevant times herein, defendants XIANGBAO ZHAO a/k/a MIKE ZHAO, CLASSIC-MAXIM INTERNATIONAL, INC., HANGZHOU CLASSIC-MAXIM ARTS & CRAFTS CO., LTD., have transacted business in and/or have committed their infringing activities alleged below in the Central District of California and/or knew that said activities would affect Bravado, a California corporation, and/or the Michael Jackson estate, and/or would have an effect in the Central District of California.

3.      This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq. and the Copyright Act (17 U.S.C. 101 et seq.). This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental jurisdiction over the Second, Third, Fourth and Fifth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

4.      Michael Jackson, Lady Gaga and Justin Bieber (the "Musical Groups and Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

2

5.      Plaintiff Bravado has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Groups and Performers throughout the United States pursuant to agreements between Bravado and the Musical Groups and Performers pursuant to which Bravado has been granted the exclusive right to sell products bearing the names, trademarks and likenesses of the Musical Groups and Performers.

6.      Defendants are or were licensing, distributing, advertising and selling unauthorized prints, posters and/or other items embodying the names, trademarks and/or the likenesses of the Musical Groups and Performers (collectively the "Infringing Merchandise") throughout the United States by various means of interstate transport and delivery in violation of the rights of plaintiff and the Musical Groups and Performers under the Lanham Act.

## **BACKGROUND**

7.      Each of the Musical Groups and Performers has achieved nationwide fame and notoriety.

8.      Since the dates as set forth below, each Musical Group and Performer has identified itself with the names and trademarks as set forth below.  Separately, and/or in conjunction with the likenesses of the individual members of the Musical Groups and Performers, the Musical Groups' and Performers' trademarks and/or likenesses have been used to distinguish merchandise pertaining to the Musical Groups and Performers from other parties.

3

| Trademark | Trademark Used By Musical Performer As Early As Following Date |
|-----------|------------------------------------------------------------------|
| Michael Jackson | 1969 |
| Lady Gaga | 2006 |
| Justin Bieber | 2008 |

9.      Each of the Musical Groups and Performers has sold and/or has had licensed sales of tens of thousands of dollars worth of licensed merchandise bearing their respective names and/or trademarks, service marks and/or likenesses.  The sale of the Infringing Merchandise by defendants is and will be without permission or authority of plaintiffs or any of the Musical Groups or Performers.

10.      The unlawful activity of defendants results in irreparable harm and injury to plaintiff and the Musical Groups and Performers in that, among other things, it deprives plaintiff and the Musical Groups and Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the Musical Groups' and Performers' reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of plaintiff and the Musical Groups and Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 15 U. S. C. 1125(a)

12.    Plaintiff repeats and realleges paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13.    This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false descriptions in commerce.

14.    The names, trademarks and likenesses of the Musical Groups and Performers (hereinafter collectively sometimes referred to as the "Musical Groups' and Performers' Marks") have been used as marks to identify the respective Musical Groups and Performers and have been used in connection with their performing services and with the sale of various types of merchandise throughout the United States.  As a result of same, the Musical Groups' and Performers' Marks have each developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

15.    Infringing Merchandise has been advertised and sold by defendants, containing and/or using the names, trademarks, and/or likenesses of the Musical Groups and Performers.  By misappropriating and using the Musical Groups' and Performers' Marks, defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

5

16.   The advertising and/or sale by defendants of the Infringing Merchandise has and will infringe upon and dilute the trademarks, names and likenesses of the Musical Groups and Performers.

17.   The advertising and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Groups and Performers and the reputations which all of the Musical Groups and Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

18.   The unlawful merchandising activities of defendants as described above is without permission or authority of plaintiff or any of the Musical Groups and Performers and constitutes express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or the Musical Groups and Performers.

19.   The aforesaid acts of defendants are willful violations of 15 U.S.C. 1125(a) in that the defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

20.   Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to plaintiff and the Musical Groups' and Performers' images and reputations as a result thereof.

6

21.    As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of Section 3344 of the California Civil Code

22.    Plaintiff repeats and realleges paragraphs 1 through 12 and 14 through 21 of this Complaint as if fully set forth herein.

23.    The Musical Groups and Performers are celebrated musical performers and groups with a proprietary interest, inter alia, in the use in public of their respective names and/or the likenesses of the individual members thereof.

24.    Upon information and belief, defendants have sold and distributed the Infringing Merchandise bearing the names and/or likenesses of the Musical Groups and Performers and/or have used said names and likenesses in advertising for said goods.

25.    Neither plaintiff, the Musical Groups and Performers or any party acting on their behalf has given oral or written consent to defendants for the use of the Musical Groups' and Performers' names and/or likenesses on any items and/or in connection with advertising therefor.

26.    Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the Musical Groups' and

7

Performers' names and/or likenesses on the Infringing Merchandise that they distribute or in advertising therefor for their commercial benefit without the consent of plaintiff or the Musical Groups and Performers.

27.    As a result, defendants have deprived plaintiff and the Musical Groups and Performers of the right to control the time, place, terms and manner by which to publicize the Musical Groups' and Performers' respective special talents.

28.    The sale, distribution and/or advertising of Infringing Merchandise by defendants has caused, is causing and will continue to cause plaintiff and the Musical Groups and Performers irreparable harm and injury.

29.    As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Common Law Unfair Competition

30.    Plaintiff repeats and realleges paragraphs 1 through 14, 16 through 21 and 22 through 29 of this Complaint as if fully set forth herein.

31.    The trademarks used on the Infringing Merchandise are identical to the trademarks of the Musical Groups and Performers and defendants' use is likely to, and is certainly intended to, cause confusion to purchasers.

8

32.     Defendants, by misappropriating and using the names, trademarks and/or likenesses of the Musical Groups and Performers have utilized unfair means to usurp the good will and distinctive attributes of the Musical Groups' and Performers' trademarks.

33.     Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

34.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to their reputations as a result thereof.

35.     As a result of defendants' aforesaid activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Common Law Right of Publicity

36.     Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29 and 31 through 35 of this Complaint as if fully set forth herein.

37.     Defendants' unauthorized use of the Musical Groups' and Performers' names and/or likenesses constitutes common law right of publicity violations.

9

38.     Plaintiff and the Musical Groups and Performers have no adequate remedy at law and, if defendants' activities are not enjoined, plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to their images and reputations as a result thereof.

39.     As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Violation of Section 3344.1 of the California Civil Code

40.     Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35 and 37 through 39 of this Complaint as if fully set forth herein.

41.     Michael Jackson was a celebrated musical performer with a proprietary interest, _inter alia_, in the use in public of his name and likeness. Michael Jackson died on June 25, 2009. On July 15, 2009, John Branca and John McClain, the special administrators of the estate of Michael Jackson, on behalf of the Michael Jackson estate, registered a claim pursuant to California Civil Code Section 3344.1. Triumph International, Inc. ("Triumph"), an entity wholly owned by the Michael Jackson estate, has granted the exclusive right to plaintiff to use the Michael Jackson name and likeness in connection with merchandise including prints and posters.

42.    Defendants have used the Michael Jackson name and likeness in connection with the advertising, sale and/or distribution of the Infringing Merchandise.

43.    Neither plaintiff nor Triumph nor any party acting on behalf of the Michael Jackson estate has given oral or written consent to defendants for the use of Michael Jackson's name and/or likeness.

44.    Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Michael Jackson name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of plaintiff or any party authorized to give such consent.

45.    As a result, defendants have deprived plaintiff and the Michael Jackson estate of the right to control the time, place, terms and manner by which to publicize his special talents.

46.    The use of the Michael Jackson name and likeness in connection with the sale and distribution of the Infringing Merchandise by defendants has caused, is causing and will continue to cause plaintiff and/or the Michael Jackson estate irreparable harm and injury. If defendants' activities are not enjoined, plaintiff and/or the Michael Jackson estate will suffer irreparable harm and injury.

47.    As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

11

## AS AND FOR A SIXTH CAUSE OF ACTION

## Trademark Dilution Under 15 U.S.C. 1125(c)

48.     Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35, 37 through 39 and 41 through 47 of this Complaint as if fully set forth herein.

49.     By virtue of the Musical Groups' and Performers' long and continuous use of the Musical Groups' and Performers' Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. 1125(c). As such said marks are eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

50.     Defendants' use of the Musical Groups' and Performers' Marks in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Musical Groups' and Performers' marks by lessening plaintiff's and the Musical Groups' and Performers' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

51.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to plaintiff's and the Musical Groups' and Performers' images and reputations as a result thereof.

52.     As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

12

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Copyright Infringement

53.    Plaintiff repeats and realleges paragraphs 1 through 11, 13 through 21, 23 through 29, 31 through 35, 37 through 39, 41 through 47 and 49 through 52 of this Complaint as if fully set forth herein.

54.    Plaintiff has been granted the exclusive reproduction and distribution rights in merchandise, including, but without limitation to, posters and prints in and to the following works that have been registered with the United States Register of Copyrights (copies of records of said registrations are annexed hereto as Exhibit A):

(A)    Thriller, Registration No. SR-41-965, Registered January 27, 1983;

(B)    Bad, Registration No. SR0000084256, Registered November 4, 1987; and

(C)    The Ultimate Collection, Registration No. SR0000385428, Registered December 27, 2005.

55.    Plaintiff and/or the copyright owner of said registrations have complied in all respects with Title 17 of the United States Code. Plaintiff and/or the copyright owner of said registrations have secured the exclusive rights and privileges in and to the copyrights in the works as set forth above.

13

56.     At all relevant times herein, plaintiff owned and still owns the entire right, title and interest in and to the reproduction and distribution rights in the respective copyrights as set forth above on the goods that defendants have been selling.

57.     Defendants have wrongfully copied, distributed and/or sold posters and prints and other items displaying the works set forth in paragraph 54 above. Such copying, distribution and/or sale of said goods by defendants constitutes willful and deliberate infringement of plaintiff's rights in the aforesaid copyrights.

58.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and the Michael Jackson Estate will suffer irreparable harm and injury as a result thereof.

59.     As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A.     A Preliminary Injunction restraining, enjoining and prohibiting each of the defendants from manufacturing, distributing or selling any and all merchandise bearing the names, trademarks, and/or the likenesses of any of the Musical Groups and Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause

14

consumers to believe that merchandise that defendants are selling was sponsored and/or authorized by plaintiff and/or any of the Musical Groups and Performers;

B.      A Permanent Injunction prohibiting defendants from selling or attempting to sell the aforesaid merchandise;

C.      Three times defendants' profits or three times the damages suffered by plaintiff or the Musical Groups and Performers, whichever is greater, and reasonable attorneys fees and the costs of the action;

D.      Statutory damages of no less than $750.00 for each name and/or likeness that defendants have used on each different product plus punitive damages and attorneys' fees pursuant to California Civil Code Sections 3344 and/or 3344.1;

E.      Defendants' profits or damages suffered by plaintiffs or the Musical Groups and Performers, whichever is greater, plus punitive damages pursuant to the Second, Third, Fourth and Fifth Causes of Action;

F.      Statutory damages of no less than $450,000.00 pursuant to the Seventh Cause of Action; and

1        G.    Such other and further relief that this Court deems to be just and

2 proper.

3

4 Dated: February 11, 2013            Respectfully submitted,

5         Los Angeles, CA

6                          By: _____

7                             KENNETH A. FEINSWOG

8                             Attorney for Plaintiff

9                             400 Corporate Pointe, Suite 300

10                             Culver City, CA 90230

11                             Telephone: (310) 846-5800
                                Facsimile:  (310)-846-5801

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**CERTIFICATE OF COPYRIGHT REGISTRATION**

**FORM SR**
UNITED STATES COPYRIGHT OFFIC

This certificate, issued under the seal of the Copyright Office in accordance with the provisions of section 410(a) of title 17, United States Code, attests that copyright registration has been made for the work identified below. The information in this certificate has been made a part of the Copyright Office records.

*David Ladd*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

| REGISTRATION NUMBER | |
|---|---|
| SR | 41-965 |
| | SR SRU |

EFFECTIVE DATE OF REGISTRATION
Jan. 27. 1983
(Month) (Day) (Year)

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE CONTINUATION SHEET (FORM SR/CON)

**①**
**Title**

TITLE OF THIS WORK: THRILLER
Artist: MICHAEL JACKSON

Catalog number of sound recording, if any .......... QE 38112

PREVIOUS OR ALTERNATIVE TITLES:

NATURE OF MATERIAL RECORDED: (Check Which)

☑ Musical   ☐ Musical-Dramatic
☐ Dramatic   ☐ Literary
☐ Other.................

---

**②**
**Author(s)**

IMPORTANT: Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). If any part of this work was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates blank.

1
NAME OF AUTHOR: Mr. Michael Jackson

Was this author's contribution to the work a "work made for hire"?   Yes...... No.☑

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of .... U.S.A. .... } or { Domiciled in .... U.S.A. ....
(Name of Country)              (Name of Country)

AUTHOR OF: (Briefly describe nature of this author's contribution) Some new sounds, all new photographic matter & artwork

DATES OF BIRTH AND DEATH:
Born........ Died........
(Year)         (Year)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Pseudonymous?
Yes .... No.☑.   Yes .... No.☑.
If the answer to either of these questions is "Yes," see detailed instructions attached.

2
NAME OF AUTHOR:

Was this author's contribution to the work a "work made for hire"?   Yes...... No......

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ........... } or { Domiciled in ...........
(Name of Country)              (Name of Country)

AUTHOR OF: (Briefly describe nature of this author's contribution)

DATES OF BIRTH AND DEATH:
Born........ Died........
(Year)         (Year)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Pseudonymous?
Yes .... No....   Yes .... No....
If the answer to either of these questions is "Yes," see detailed instructions attached.

3
NAME OF AUTHOR:

Was this author's contribution to the work a "work made for hire"?   Yes...... No......

AUTHOR'S NATIONALITY OR DOMICILE:
Citizen of ........... } or { Domiciled in ...........
(Name of Country)              (Name of Country)

AUTHOR OF: (Briefly describe nature of this author's contribution)

DATES OF BIRTH AND DEATH:
Born........ Died........
(Year)         (Year)

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK:
Anonymous?   Pseudonymous?
Yes .... No....   Yes .... No....
If the answer to either of these questions is "Yes," see detailed instructions attached.

---

**③**
**Creation and Publication**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED:

Year .1982....
(This information must be given in all cases.)

DATE AND NATION OF FIRST PUBLICATION:
Date .......... November. 19. 1982.
(Month) (Day) (Year)
Nation .......... U.S.A.
(Name of Country)
(Complete this block ONLY if this work has been published.)

---

**④**
**Claimant(s)**

NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):

CBS Inc.
51 West 52nd Street
New York, New York   10019

TRANSFER: (If the copyright claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.)

PER AGREEMENT

| EXAMINED BY: RW | APPLICATION RECEIVED: 2 7 JAN 1983 | FOR |
|---|---|---|
| CHECKED BY: | | COPYRIGHT |
| CORRESPONDENCE ☐ Yes | DEPOSIT RECEIVED: 2 7 JAN 1983 JAN 2 7 1983 | OFFICE |
| DEPOSIT ACCOUNT FUNDS USED ☑ | REMITTANCE NUMBER AND DATE: | USE ONLY |

SR 41-965

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED ADDITIONAL SPACE, USE CONTINUATION SHEET (FORM SR/CON)**

**PREVIOUS REGISTRATION:**

• Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office? Yes ...... No ...X...

• If your answer is "Yes," why is another registration being sought? (Check appropriate box)
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by line 6 of the application.

• If your answer is "Yes," give: Previous Registration Number .......................... Year of Registration ..........

**(5)** Previous Registration

**COMPILATION OR DERIVATIVE WORK:** (See instructions)

PREEXISTING MATERIAL: (Identify any preexisting work or works that the work is based on or incorporates.)
A--THE GIRL IS MINE ...... 34--03288 ...............................
LYRICS ON INNER SLEEVE ...............................

MATERIAL ADDED TO THIS WORK: (Give a brief, general statement of the material that has been added to this work and in which copyright is claimed.) ALL NEW PHOTOGRAPHIC MATTER & ARTWORK, SOME NEW SOUNDS:
Side 1, Bds.. (1)WANNA BE STARTIN' SOMETHIN'. (2)BABY BE MINE. (4)THRILLER.
Side 2, Bds.. (1)BEAT IT. (2)BILLIE JEAN (3)HUMAN NATURE. (4)P.Y.T. (PRETTY YOUNG THING). (5)THE LADY IN MY LIFE.

**(6)** Compilation or Derivative Work

**DEPOSIT ACCOUNT:** (If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.)

Name .................. CBS Inc. ..................

Account Number .......... DA016292 ..........

**CORRESPONDENCE:** (Give name and address to which correspondence about this application should be sent.)

Name .. CBS Law Registry/Barbara Lesko ..........

Address .. 51 West 52nd Street ........... (Apt.)

.. New York, New York 10019 ..........
(City) (State) (ZIP)

**(7)** Fee and Correspondence

**CERTIFICATION:** * I, the undersigned, hereby certify that I am the: (Check one)
☐ author ☐ other copyright claimant ☐ owner of exclusive right(s) ☑ authorized agent of ... CBS Inc. ...
(Name of author or other copyright claimant, or owner of exclusive right(s))
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Handwritten signature: (X) ........ [signature] ........

Typed or printed name: ........ Barbara Lesko .................. Date: .. 1/24/83 ..

**(8)** Certification (Application must be signed)

**MAIL CERTIFICATE TO**

.......... CBS Law Registry/Att. Barbara Lesko .......... (Name)

.......... 51 West 52nd Street .......... (Number, Street and Apartment Number)

.......... New York, New York 10019 .......... (City) (State) (ZIP code)

(Certificate will be mailed in window envelope)

**(9)** Address For Return of Certificate

17 U.S.C. §506(e): FALSE REPRESENTATION—Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

**LexisNexis® Total Research System**                    Switch Client | Preferences | Sign Out | ? Help

Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Co

FOCUS™ Terms [name(mjj productions)]           Search Within [Original Results (1 - 38)]   ⊕ **Go** ⊕
Advanced...

Source: Legal > / . . . / > U.S. Copyrights Combined Files [i]
Terms: name(mjj productions) (Edit Search | Suggest Terms for My Search)

⤆ Select for FOCUS™ or Delivery
☐

*Bad SR0000084256*

SR0000084256

Bad / [performed by] Michael Jackson

ADDITIONAL TITLES: The way you make me feel

OWNER: M J J Productions, Inc.

APPLICATION AUTHOR: sound recording: M J J Productions, Inc., employer for hire.

AUTHOR: Jackson, Michael author; Emerson, Sam author; Gorman, Greg author; Rolston,
Matthew author; MJJ Productions, Inc. author claimant

CLASS: Sound Recordings

RETRIEVAL CODE: U Sound recording

STATUS: Registered

REGISTRATION DATE: November 04, 1987

CREATED: 1987

PUBLICATION DATE: 1987-08-19

NEW MATTER: all photographic matter, some sound recordings, bands 1-7, 9 & 10.

CONTENTS: Bad
        The way you make me feel
        Speed demon
        Liberian girl
        Just good friends
        Another part of me
        Man in the mirror
        I just can't stop loving you
        Dirty Diana
        Smooth criminal
        Leave me alone

REGISTRATION DEPOSIT: 1 sound disc : digital ; 5 in. + 1 booklet.

IMPRINT: Epic EK 40600 c1987.

NLS/BPH: No rights granted to produce copies in alternative medium

NOTES: General note / or Document Header for Recorded Document: Compact disc.

General note / or Document Header for Recorded Document: Photos.: Sam Emerson, Greg Gorman & Matthew Rolston.

PREVIOUS REGISTRATION: Preexisting material: Band 8

MISCELLANEOUS:

DATE OF CREATION: Single date created: 1987


Source: Legal > /.../ > U.S. Copyrights Combined Files ⓘ
Terms: name(mjj productions) (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Monday, August 17, 2009 - 11:18 AM EDT


Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor |
Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

About LexisNexis | Terms & Conditions | Contact Us
🜨 LexisNexis*  Copyright © 2009 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = mjj productions
Search Results: Displaying 29 of 45 entries

   previous   next

*Michael Jackson: the ultimate collection / Michael Jackson.*

|  |  |
|---|---|
| **Type of Work:** | Sound Recording |
| **Registration Number / Date:** | SR0000385428 / 2005-12-27 |
| **Title:** | Michael Jackson: the ultimate collection / Michael Jackson. |
| **Copyright Claimant:** | © □ MJJ Productions, Inc., employer for hire |
| **Date of Creation:** | 2004 |
| **Date of Publication:** | 2004-11-03 |
| **Previous Registration:** | Prexisting material: basic sounds, basic photos, some sampled sounds. |
| **Basis of Claim:** | New Matter: compilation of sound recordings, some new sound recordings (disc 1: track 17, disc 2: tracks 6, 9-11, disc 3: tracks 7-9, disc 4: tracks 6, 7 & 11) & compilation of photographic matter. |
| **Copyright Note:** | Cataloged from appl. only. |
| **Names:** | Jackson, Michael |
|  | MJJ Productions, Inc. |

   previous   next

| Save, Print and Email (Help Page) |
|---|
| Select Download Format  Full Record        Format for Print/Save |
| Enter your email address:                            Email |

Help  Search  History  Titles  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV13- 1032 MMM (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Kenneth A. Feinswog
400 Corporate Pointe, Suite 300
Culver City, CA  90230
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC.,<br><br>PLAINTIFF(S)<br>v.<br><br>XIANGBAO ZHAO a/k/a MIKE ZHAO, CLASSIC-MAXIM INTERNATIONAL, INC.,  HANGZHOU CLASSIC-MAXIM ARTS & CRAFTS CO. LTD.,<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 13-01032** mmm (JCG)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): Xiangbao Zhao a/k/a Mike Zhao, Classic-Maxim International, Inc. , Hangzhou Classic-Maxim Arts & Crafts Co., Ltd.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Kenneth A. Feinswog_____, whose address is _400 Corporate Pointe, Suite 300, Culver City, CA 90230_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 1 2 2013

By: _____

MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. | XIANGBAO ZHAO a/k/a MIKE ZHAO, CLASSIC-MAXIM INTERNATIONAL, INC., HANGZHOU CLASSIC-MAXIM ARTS & CRAFTS CO., LTD. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Kenneth A. Feinswog, Esq.    Telephone: 310-846-5800<br>400 Corporate Pointe, Suite 300<br>Culver City, CA 90230 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**    **JURY DEMAND:** ☐ Yes   ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ As proven at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125(a). Defendants infringed plaintiff's trademark and copyright rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV13-01032**

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Other defendants - Los Angeles | Hangzhou- China |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  2/11/13

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |